IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 18-cr-429-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.   **KEVIN KUCIAPINSKI,** and
3.   RANDOLPH STIMAC,

    Defendants.

## ORDER ON DEFENDANT KEVIN KUCIAPINSKI'S MOTIONS TO DISMISS

Before the Court are three motions to dismiss, filed by Defendant Kevin Kuciapinski ("K. Kuciapinski"):

- Motion to Dismiss Counts 32, 34–39, and 41–42 Due to Violation of Statute of Limitations ("SOL MTD"), filed on March 4, 2022. (ECF No. 584.) The Government filed a response on April 1, 2022. (ECF No. 595.) K. Kuciapinski filed a reply on May 9, 2022. (ECF No. 606.)

- Motion to Dismiss Count 36 as Multiplicitous ("Multiplicitous MTD") (ECF No. 585), filed on March 4, 2022. The Government filed a response on April 1, 2022. (ECF No. 597.) K. Kuciapinski filed a reply on May 9, 2022. (ECF No. 607.)

- Motion to Dismiss Counts #32, 34, 37–38, 41, and 43–44 Without Prejudice for Lack of Evidence ("Lack of Evidence MTD") (ECF No. 586), filed on March 4, 2022. (ECF No. 586.) The Government filed a response on April 1, 2022. (ECF No. 596.) K. Kuciapinski filed a reply on May 9, 2022. (ECF No. 608.)

The Court presumes the parties' familiarity with the extensive background and procedural history of this case and therefore will not reiterate it here.  For the following reasons, the Court grants the SOL MTD, denies as moot the Multiplicitous MTD, and denies the Lack of Evidence MTD.

## I. SOL MTD

"The date of the original indictment tolls the limitations period as to charges alleged."  *United States v. Davis*, 953 F.2d 1482, 1491 (10th Cir. 1992) (citing *United States v. Jones*, 816 F.2d 1483, 1487 (10th Cir. 1987)).  A superseding indictment filed while the first indictment is validly pending is not barred by the statute of limitations unless it broadens or substantially amends the charges in the first indictment.  *Id.* (citing *United States v. Schmick*, 904 F.2d 936, 940 (5th Cir. 1990)); *see also United States v. Qayyum*, 451 F.3d 1214, 1218 (10th Cir. 2006) (quoting *United States v. Zvi*, 168 F.3d 49, 54 (2d Cir. 1999) ("The filing of an indictment tolls the limitations period for the charges contained in the indictment," and a super[s]eding indictment relates back to the original indictment's date if the super[s]eding indictment "does not broaden or substantially amend the original charges.")).  For instance, "[s]uperseding indictments have been deemed timely when they simply added detail to the original charges, narrowed rather than broadened the charges, contained amendments as to form but not substance, or were otherwise trivial or innocuous."  *See Zvi*, 168 F.3d at 54 (citing *United States v. Gengo*, 808 F.2d 1, 3–4 (2d Cir. 1986) (relation back where superseding indictment does not present new factual allegations or require defendant to prepare new evidence or defenses)).

"[N]otice is the touchstone in deciding whether a superseding indictment

substantially changes the original charges." *Id.* (quoting *Gengo*, 808 F.2d at 3). If the allegations and charges contained in the superseding indictment are "substantially the same" as those contained in the original indictment, sufficient notice is presumed. *Id.* (citing *Schmick*, 904 F.2d at 940).

Because K. Kuciapinski raises the defense of statute of limitations, the burden shifts to the Government to establish "compliance with the statute of limitations by presenting evidence that the crime was committed within the limitations period or by establishing an exception to the limitations period . . . ." *Musacchio v. United States*, 577 U.S. 237, 248 (2016).

In the original Indictment, filed September 9, 2018, the Government charged K. Kuciapinski with one count of conspiracy to commit procurement fraud, in violation of 18 U.S.C. § 371 and 41 U.S.C. § 2102 (Count 1); and one count of executive branch employee participating in a matter affecting the employee's financial interest in violation of 18 U.S.C. § 208 (Count 16).  (ECF No. 1.)

In the Superseding Indictment, filed September 25, 2019, the Government charged K. Kuciapinski with an amended count of conspiracy to commit procurement fraud and fraud against the United States, in violation of 18 U.S.C. § 371, 41 U.S.C. § 2102, and 18 U.S.C. § 1031 (Count 1); one count of executive branch employee participating in a matter affecting the employee's financial interest, in violation of 18 U.S.C. § 208 (Count 16); 25 new counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 18–24, 27, and 32–48); and one new count of major fraud against the United States, in violation of 18 U.S.C. § 1031 (Count 49). (ECF No. 204.)

In the SOL Motion, K. Kuciapinski argues that Counts 32, 34–39, and 41–42

3

violate the five-year statute of limitations.[1]  It is undisputed that the acts alleged in these wire fraud counts occurred more than five years prior to the September 25, 2019 Superseding Indictment.  (ECF No. 584 at 2; ECF No. 595 at 3.)  K. Kuciapinski states that "none of these e-mails were referred to or presented to the grand jury either through testimony or as any of the 55 exhibits in the proceedings for the original Indictment and none of the acts alleged in these new wire fraud counts were alleged as overt acts in the original indictment." (ECF No. 584 at 7.)  Further, he states that the "wire fraud charges in the superseding indictment were not 'substantially the same' as the charges in the original indictment; they were entirely new charges." (*Id.*)  Therefore, he argues that the new wire fraud counts "broadened and substantially amended the charges from those brought in the original indictment and presented new evidence which now requires [him] to prepare new evidence and defenses." (*Id.*)

Additionally, K. Kuciapinski underscores that the original Indictment charged only conspiracy to commit procurement fraud, while the Superseding Indictment amended the conspiracy count by adding conspiracy to defraud the United States and added a reference to a new statute.  (*Id.*)  To that end, he argues that none of the e-mails in the challenged counts related to the conspiracy alleged in the original Indictment, which did not charge conspiracy to defraud the United States.  (*Id.*)

The Court agrees with K. Kuciapinski.  As an initial matter, he accurately points

---

[1] The statute of limitations for these offenses is five years:

> (a) In general.--Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282(a).

out the distinctions between the conspiracy charges in the original Indictment and the Superseding Indictment.  In its response, the Government incorrectly states that in "the original indictment, [K. Kuciapinski] was charged in the conspiracy to commit procurement fraud and defraud the United States . . . ."  (ECF No. 595 at 4.)  This is simply not an accurate statement.  Additionally, K. Kuciapinski correctly points out that the cases on which the Government relies (*Davis* and *Qayyum*) concern amendments to conspiracy charges,[2] whereas the SOL MTD concerns newly added wire fraud charges.  While the Government states that there are no material differences between the facts used to charge the two indictments in this case, it focuses its analysis on the conspiracy counts as opposed to the effect of adding new wire fraud counts in the Superseding Indictment on K. Kuciapinski's defense.  (*See* ECF No. 595 at 4–5.)  Moreover, in an effort to argue that K. Kuciapinski is "cherry picking" the dismissal of counts that show his direct involvement in criminal conduct, the Government highlights facts related to Count 40—a count K. Kuciapinski did not move to dismiss in the SOL

---

[2] K. Kuciapinski points out that *Davis* involved a case in which the superseding indictment amended certain aspects of the conspiracy count but did not amend the wire fraud counts.  (ECF No. 606 at 3 (citing *Davis*, 953 F.2d at 1491–92 ("wire fraud counts remained the same, and the conspiracy charge (which contained a description of the fraudulent scheme alleged in the wire fraud counts) was not materially different")).)  Similarly, *Qayyum* concerned whether the superseding indictment's charges to a conspiracy charge broadened or substantially amended the original indictment.  *See Qayyum*, 451 F.3d at 1216 (only Count One of the Third Superseding Indictment was at issue, where Count One charged the defendant with conspiracy to defraud the government by obstructing the regulation and control of the immigration of aliens into the United States).

K. Kuciapinski's arguments are, as he contends, more similar to those at issue in *Zvi*, in which the Second Circuit observed that "[w]hile money laundering may have been a part of the scheme to defraud, the sixteen counts of money laundering added by the superseding indictments required the defendants to defend against additional charges that alleged violations of a different statute, contained different elements, relied on different evidence, and exposed the defendants to a potentially much greater sentence."  *Zvi*, 168 F.3d at 55.  Here, the new wire fraud counts charged in the Superseding Indictment require K. Kuciapinski to defend against additional charges in violation of a different statute than charged in the original Indictment.

MTD.  (*Id.* at 5–6.)

The Court concludes that the new wire fraud charges in Counts 32, 34–39, and 41–42 do not relate back to the original Indictment.  The Government does not contest K. Kuciapinski's assertion that nowhere in the original Indictment or in the original grand jury proceedings were the e-mails for these charges mentioned or presented, or his assertion that the Government fails to set forth any facts to demonstrate that these charges relate back to the original Indictment.  (*See* ECF No. 606 at 1–2.)  Instead, the Government merely states that there are no material differences between the facts used to charge the two indictments in this case.  (ECF No. 595 at 4.)  Further, the Government states that "the background, key individuals and parties, manners and means by which the objects of the conspiracy were accomplished and 45 of the overt acts are the same in both indictments" and that the two indictments state that all three defendants exchanged correspondences.  (*Id.*)

These assertions do not, however, directly respond to K. Kuciapinski's contentions that the e-mails in the challenged counts were not presented to either grand jury, nor do they explain why his defense is not impacted by the new wire fraud charges.  To the extent the Government explains anything, it is why the new charges do not affect K. Kuciapinski's defense of the *conspiracy* charges.  But this is not the proper inquiry, given that K. Kuciapinski's arguments are directed at the new wire fraud charges, not the amended conspiracy charge.

Additionally, the new wire fraud charges are based on different criminal statutes and require proof of different elements.  As such, they are far from almost identical to the conspiracy charged in the original Indictment and serve to broaden the original

Indictment.

Accordingly, the Court grants the SOL MTD and dismisses Counts 32, 34–39, and 41–42 on the ground that they violate the five-year statute of limitations.

## II. MULTIPLICITOUS MTD

Because the Court granted the SOL MTD, which includes Count 36, the Court denies the Multiplicitous MTD as moot.

## III. LACK OF EVIDENCE MTD

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)).  Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence.  *Id.* (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)).

Rather, "[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true."  *Id.* (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962) (finding it irrelevant that charges had not been established by evidence, because at a motion to dismiss "the indictment must be tested by its sufficiency to charge an offense")).  Courts should therefore avoid considering evidence outside the indictment when testing the indictment's legal sufficiency.  *Id.* (citing *Hall*, 20 F.3d at 1087).

In "limited circumstances," however, the Tenth Circuit has held that a district court may "dismiss charges at the pretrial stage . . . where the operative facts are

7

undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." *Id.* (quoting *Hall*, 20 F.3d at 1088). Pretrial dismissal based on undisputed facts is a determination that "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." *Id.* Dismissal in this manner is the "rare exception," not the rule. *Id.* Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the defendant could not have committed the offense for which he was indicted. *Id.*

K. Kuciapinski argues that it "appears that no testimony and no exhibits support or prove the wire fraud charges set forth in Counts 32, 34, 37–38, 41, and 43–44 of the Superseding Indictment were presented in the Grand Jury." (ECF No. 586 at 2.) Further, he contends that none of the e-mails in those counts were presented either through testimony or as any of the 57 exhibits to the grand Jury in procuring the Superseding Indictment. (*Id.*) He also states that there were no exhibits or testimony presented about any of these e-mails in the grand jury proceedings for the original Indictment. (*Id.* at 3.) Notably, he does not argue prosecutorial misconduct in the alleged omission to present evidence on the aforementioned counts. (*Id.* at 6.)

In response, the Government argues that both indictments in this case are valid on their faces and sufficient to establish a violation of the charged offenses. (ECF No. 596 at 4.) The Government disputes K. Kuciapinski's contention that the Superseding Indictment is based on inadequate or incompetent evidence; in fact, the Government asserts that "[b]ut for the law, the government could provide examples, specifically

grand jury testimony, that disputes [K. Kuciapinski's] claims." (*Id.*)

Given that the parties dispute the evidence in this case, the Court will test the Superseding Indictment solely on the basis of the allegations made in the Superseding Indictment and will take such allegations as true. *See Hall*, 20 F.3d at 1087. Here, the Court finds that the Superseding Indictment sets forth the elements of each offense charged, puts K. Kuciapinski on fair notice of the charges against which he must defend, and enables him to assert a double jeopardy offense. *See Dashney*, 117 F.3d at 1205.

Accordingly, K. Kuciapinski's Lack of Evidence MTD is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. The SOL MTD (ECF No. 584) is GRANTED, and Counts 32, 34–39, and 41–42 of the Superseding Indictment are DISMISSED on the ground that they violate the five-year statute of limitations;

2. The Multiplicitous MTD (ECF No. 585) is DENIED AS MOOT;

3. The Lack of Evidence MTD (ECF No. 586) is DENIED; and

4. To the extent this Order in any way affects K. Kuciapinski's recently filed CIPA § 5 motion, the Court DIRECTS K. Kuciapinski to file an amended CIPA § 5 motion by **August 19, 2022**. If this Order does *not* affect K. Kuciapinski's CIPA § 5 motion, he is DIRECTED to file a notice on the docket explaining as much by **August 19, 2022**. If K. Kuciapinski files an amended CIPA § 5 motion, the Government is DIRECTED to file any CIPA § 6 motion by **September 12, 2022**, and Defendants K. Kuciapinski and Randolph Stimac are DIRECTED to respond, if a response is

necessary, to the Government's CIPA § 6 motion by **September 26, 2022**.

Dated this 12th day of August, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge