IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 18-cr-429-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

2. KEVIN KUCIAPINSKI, and
3. RANDOLPH STIMAC,

 Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT KEVIN KUCIAPINSKI'S REQUEST TO
DECLARE THIS CASE COMPLEX**

---

 Before the Court is Defendant Kevin Kuciapinski's ("K. Kuciapinski") Request to Declare This Case Complex ("Request"), filed on August 20, 2021.  (ECF No. 530.) Defendant Randolph Stimac and the Government filed responses on September 3, 2021.  (ECF Nos. 544, 545.)  The Government opposed the Request.  (ECF No. 544 at 12.)  Stimac took no position with regard to whether the case should be declared complex.  (ECF No. 545 at 1.)  After the January 6, 2022 CIPA Section 2 hearing, the Court took the Request under advisement.  (ECF No. 560 at 3.)

 On August 3, 2022, the Court directed K. Kuciapinski and the Government to supplement, respectively, the Request and response in opposition.  (ECF No. 623.)  K. Kuciapinski filed his supplement on August 12, 2022.  (ECF No. 626.)  The Government filed its supplement on August 19, 2022.  (ECF No. 629.)  On August 22, the Court struck the Government's supplement for violating the Local Rules.  (ECF No. 631.)  With

the Court's permission, on August 23, 2022, the Government filed its supplemental brief.  (ECF No. 635.)

In his supplemental brief, K. Kuciapinski requests that the Court exclude "120 days . . . from the speedy trial calculation upon completion of the CIPA proceedings." (ECF No. 626 at 5.)  In its supplemental brief, the Government states "[i]f there are no more pending motions and the CIPA process is completed, the government requests that this case be set for trial within 70 days at the [October 7, 2022 trial setting status] conference."  (ECF No. 635 at 7.)

On August 23, 2022, the Court entered an Interim Order on the Request, directing K. Kuciapinski to define what he meant by "the completion of the CIPA proceedings," and directing K. Kuciapinski, the Government, and Stimac to state whether they objected to the Court construing the Request as a joint motion for an Ends of Justice continuance, which would toll the Speedy Trial Clock from January 6, 2022 through the completion of the CIPA proceedings, as ultimately defined by the Court. (ECF No. 636.)  In response to the Court's Interim Order, K. Kuciapinski filed two notices (ECF Nos. 637, 638), the Government filed its notice (ECF No. 639), and Stimac filed his notice (ECF No. 640).

K. Kuciapinski defines "the completion of the CIPA proceedings" as the outstanding CIPA litigation in this case, which he states specifically includes:

> (1) Pursuant to CIPA §§ 5(b) and 6(a), the government will file a response to the defense's CIPA § 5 notice (including a declaration asserting the classified information privilege). In its response, the government will request a hearing and object to the use, relevance, or admissibility of the classified information noticed by the defense. The government may also raise objections to the

2

>(2) The defendant will file a reply to the government's CIPA §§ 5(b) and 6(a) response.
>
>(3) Once the reply has been filed, pursuant to CIPA § 6(a), the Court may "conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." The hearing would be adversarial but would take place in camera.
>
>(4) If the Court rules that any of the classified information designated in the defense's CIPA § 5 notice is admissible or may be used at trial, the government may prepare substitutions/summaries of that classified information pursuant to CIPA § 6(c). Further briefing and hearings may be necessary to determine the adequacy of the summaries/substitutions.
>
>(5) The government is preparing a supplemental ex parte motion for deletion pursuant to CIPA § 4. The government expects to file that motion shortly after it files its CIPA §§ 5(b) and 6(a) response.

(ECF No. 637 at 2–3.)  No party objects to the Court construing the Request as a joint motion for an Ends of Justice continuance, which would toll the Speedy Trial Clock from January 6, 2022 through the completion of the CIPA proceedings, as ultimately defined by the Court.

Based on K. Kuciapinski's proposed definition and its own analysis, for the purposes of this case, the Court hereby defines "the completion of the CIPA proceedings" as the date on which this Court issues its last order on CIPA-related motions, including CIPA Sections 4, 5, and 6.[1]

For the following reasons, the Request is granted in part and denied in part, and the relief ordered herein will apply to both Defendants.

---

[1] Because discovery and briefing on CIPA-related motions is ongoing, the Court cannot provide a specific calendar date on which it will issue such Order.  However, the Court determines that this definition is sufficiently clear for the parties to understand in this case.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in

4

§ 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)–(iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with

5

the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).  The Court has discharged these duties.

Although the Government opposes the Request (ECF No. 544), it does not object to construing the Request as a joint motion for an Ends of Justice continuance, which would toll the Speedy Trial Clock from January 6, 2022 through the completion of the CIPA proceedings, as ultimately defined by the Court (ECF No. 639).  Moreover, the Court finds that many of the facts described by K. Kuciapinski in the Request militate in favor of a continuance, including that the amount of discovery in this case is significant, with approximately 93,000 pages of INV reports, over 900 pages of bank records, 4,807 pages involving search warrants, and thousands of additional pages of classified documents which can be received and reviewed only in the sensitive compartmented information facility ("SCIF").  Moreover, some of the discovery is classified as top secret and requires counsel to obtain additional security clearances.  (ECF No. 530.)

Additionally, in its Order Granting in Part and Denying in Part Defendant Mykhael Kuciapinski's Motion to Dismiss for Violation of Speedy Trial Rights, the Court explained in detail several "broader events" which have resulted in significant delays in bringing this case to trial.  (ECF No. 622 at 10–13.)  Those events include K. Kuciapinski's introduction of the issue of classified discovery documents in this case, counsel having to obtain security clearances, the delays in obtaining an accredited SCIF in the federal courthouse in Denver, Colorado, and the COVID-19 pandemic.  (*Id.*)  The Court concludes that all of these factors necessitate the exclusion of time from this case.

In order to adequately prepare this case for trial, the Court finds that the days

from January 6, 2022 through the date on which this Court issues its last order on CIPA-related motions, including CIPA Sections 4, 5, and 6, should be excluded from the Speedy Trial Act for these purposes.  Additionally, the Court will exclude 30 days from the date of its last order on CIPA-related motions from speedy trial calculations.

The Court has relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order.  Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010); *United States v. Larson*, 627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by the Defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B) (i)–(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendants the reasonable time necessary for effective pretrial

    and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That **January 6, 2022 through the date on which this Court issues its last order on CIPA-related motions, including CIPA Sections 4, 5, and 6**, should be excluded from the Speedy Trial Act should be excluded from the computation of the speedy trial time, and **30 days** from the date of the Court's last order on CIPA-related motions should also be excluded from the computation of speedy trial time; and

(4) Therefore, the ends of justice served by granting the Request outweighs the best interests of the public and Defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1) K. Kuciapinski's Request to Declare This Case Complex (ECF No. 530) is GRANTED IN PART AND DENIED IN PART;

(2) **All days from January 6, 2022, to and including 30 days after the Court issues its last order on CIPA-related motions, shall be excluded from the Speedy Trial Clock as to BOTH Defendants**; and

(3) By separate order, the Court will address the remaining dates set in the Scheduling Order (ECF No. 560).

Dated this 30th day of August, 2022.

             BY THE COURT:

             _____
             William J. Martinez
             United States District Judge